IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID FROST | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-310 |
| | § | |
| AMERICAN LUNG ASSOCIATION | § | |
| OF THE CENTRAL STATES | § | |

## OPINION AND ORDER

Before the Court is "Plaintiff's Motion to Compel Responses to Interrogatories and Request for Production" (Instrument no. 20) Plaintiff, David H. Frost. The Court, having considered the Motion now issues this Opinion and Order.

Frost, acting *pro se*, initiated this legal action following his termination of employment as a Director of Development for the American Lung Association of the Central States (ALACS). He asserts a retaliation claim under Title VII and, arguably, an unexhausted "discrimination" claim as well. He also alleges claims for unpaid wages; fraud by ALACS in negotiation of his employment and job description; and breach of contract[1] as a result of the limitations imposed upon his job duties. The gravamen of his complaint seems to be that despite his superior qualifications and experience, as compared to ALACS's other employees, he was singled out for adverse employment actions because he continually questioned the validity and legality of ALACS's use of its supporters' donations.

---

[1] It is not clear if Frost had an employment contract with ALACS or was simply an At-Will employee.

Some preliminary observations are in order.  Title VII was not intended to diminish management prerogatives, such as an employer's discretion to determine functions and responsibilities of a particular position, Meyers v. General Servs. Admin., 609 F.Supp. 352, 258 (E.D. Pa. 1984), it only requires that an employer not discriminate against its employees on the specific bases of race, religion, sex or national origin.  Burlington v. IBM Corp., 360 F.Supp. 845 (D.C. Md. 1973)    Frost has not alleged that any non-retaliatory employment actions taken against him were based upon any prohibited motive and he was not, otherwise, entitled to a tranquil work environment.  A Title VII retaliation claim can only be based upon the exercise of an activity protected under that statute: (1) opposing an employment practice made unlawful under Title VII, or (2) making or assisting the pursuit or investigation of a Title VII charge of discrimination.  See 42 U.S.C. § 2000e-3(a)    Title VII does not authorize an employee to assert a cause of action against his employer for unlawful activities not within the coverage of its statutory provisions.  It is against his backdrop that the Court has considered the merits of Frost's Motion to Compel.

The Court finds that based upon Frost's various pleadings[2], Frost is not entitled to the personnel files or other records of the employees of ALACS and, therefore, his Motion to Compel further production to Requests for Production Nos. 1, 2, 12, 13 and 14 is **DENIED**.

The Court further finds that Frost has no standing to pursue a cause of action for any fraud perpetrated by ALACS on its donors or any third parties, and has no basis for the discovery of

---

[2] Frost has not filed a comprehensive complaint in this removed case; his claims must be gleaned from several documents, including his Small Claims Petition, his Charge of Discrimination and his response to ALACS's Motion for Reconsideration to its Plea to the Jurisdiction of the Small Claims Court.

records of its income or expenditures or the status of its programs. Therefore, his Motion to Compel further production to Requests for Production Nos. 3 through 11 is **DENIED**.

The Court further finds that information regarding other claims and lawsuits brought against ALACS is irrelevant to Frost's claims, <u>Prouty v. National R.R. Passenger Corp.</u>, 99 F.R.D. 545, 549 (D. D.C. 1093) (Issues raised in other lawsuits against the opposing party are not relevant to case-in-suit), therefore, his Motion to Compel further production to Request for Production No. 15 is **DENIED**.

The Court further finds that any requests for information from ALACS by the Texas Attorney General are irrelevant to Frost's claims and, therefore, his Motion to Compel further production to this Request for Production No. 16 is **DENIED**.

The Court further finds that Frost's request that ALACS produce a signed affidavit from Soleil Manzo is an improper request and it is, therefore, **DENIED**; a party need not create documents in an effort to comply with a request for production.

**DONE** at Galveston, Texas, this      11th      day of June, 2009.

_____
John R. Froeschner
United States Magistrate Judge