IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID H. FROST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-00310 |
| | § | |
| AMERICAN LUNG ASSOCIATION OF | § | |
| THE CENTRAL STATES | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant American Lung Association of the Central States ("ALACS" or "Defendant") moves for summary judgment and shows the Court the following:

**NATURE AND STAGE OF PROCEEDINGS**

This is an employment case. After Plaintiff David H. Frost's ("Plaintiff") employment at ALACS was terminated, Plaintiff, *pro se*, initially filed this case in the state court of Harris County, Texas. On February 3, 2009, ALACS removed the action to this Court. Doc. #1. The discovery deadline is July 31, 2009, and ALACS's dispositive motion deadline is August 7, 2009. Doc. #16.

**CLAIMS AT ISSUE IN THIS CASE, INCLUDING
PLAINTIFF'S ABANDONMENT OF HIS
WAGE CLAIM AND BREACH OF CONTRACT CLAIM**

In the Court's Opinion and Order dated June 11, 2009 (Doc. # 21), Judge Froeschner itemized Plaintiff's claims as follows:

> He asserts a retaliation claim under Title VII[1] and, arguably, an unexhausted "discrimination" claim as well. He also alleges claims for unpaid wages; fraud by

---
[1] "Title VII" means Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

> ALACS in negotiation of his employment and job description; and breach of contract as a result of the limitations imposed upon his job duties. The gravamen of his complaint seems to be that despite his superior qualifications and experience, as compared to ALACS's other employees, he was singled out for adverse employment actions because he continually questioned the validity and legality of ALACS's use of its supporters' donations.

See Doc. # 21 at 1.

However, in his deposition, Plaintiff admitted that he received all wages he allegedly was owed. Plaintiff also admitted that is **not** suing ALACS for any unpaid wages or for breach of contract. See Plaintiff's Depo. at 49:21-50:15, 166:14-167:8.[2] Accordingly, the only claims before this Court are Plaintiff's Title VII claims and his fraud claim.

## SUMMARY OF THE ARGUMENT

Plaintiff's Title VII retaliation claim fails because Plaintiff never engaged in any conduct protected by Title VII. Plaintiff's complaint simply is not actionable under Title VII. To the extent Plaintiff asserts discrimination under Title VII, the claim fails because, as the Court previously noted, Plaintiff failed to exhaust his administrative remedies before the EEOC. More specifically, Plaintiff's EEOC charge of discrimination does not allege that ALACS engaged in any discriminatory conduct made unlawful by Title VII. Finally, Plaintiff's fraud claim fails because Plaintiff was an at-will employee. As an at-will employee, Plaintiff could not justifiably rely upon any alleged promise concerning the terms and conditions of his employment. Any such alleged promise would be illusory as a matter of law because the terms and conditions of Plaintiff's employment could be changed at any time. Further, there is no evidence that a false, material representation was made and no evidence of fraudulent intent by ALACS.

---

[2] Excerpts from Plaintiff's Deposition ("Plaintiff's Depo."), including selected deposition exhibits, are attached hereto as Exhibit A.

## STATEMENT OF RELEVANT FACTS[3]

ALACS is a private, nonprofit voluntary organization whose objective is the prevention and control of lung disease. Plaintiff was employed as a Development Director by ALACS for approximately 6 ½ months from November 19, 2007, until June 5, 2008. See Plaintiff's Depo. at 37:21-38:3; 48:1-14.

During his employment, Plaintiff signed an employee acknowledgement form confirming that his employment with ALACS was "at will" and confirming that ALACS could change the terms and conditions of his employment at any time. See Plaintiff's Depo. at 55:13-56:24; Plaintiff's Depo. Exhibit 5. The Acknowledgement Form expressly provides the following:

> **I understand that the policies and procedures contained in this document are subject to change without notice, at the ALACS' sole discretion**, and that such changes may supersede, modify or eliminate any or all of the policies and procedures summarized in this document. **I understand that such information contained in the Personnel Policies is not intended to create, nor is it to be construed to create any contractual or other rights**.
>
> **I understand that my employment is "at will." This means that the employment relationship is by mutual consent of the ALACS and me, is not for any definite period of time, and may be terminated by either the ALACS or me at any time, with or without notice, and for any reason or no reason at all. Neither the Personnel Policies, nor any other written materials, statements nor actions by or on behalf of the ALACS limit my or the ALACS' right to so terminate the employment relationship.**

See Plaintiff's Depo. Exhibit 5 (emphasis added).

---

[3] Because of the nature of the claims asserted in this case, ALACS is not providing the Court with a long and detailed summary of facts, outlining Plaintiff's performance problems, etc. which led to Plaintiff's employment termination. However, to the extent that the Court is curious and/or otherwise would like such details, ALACS would be happy to provide the Court with such information.

## ARGUMENT

A.   Statement Of The Issues And Standard Of Review.

ALACS is entitled to summary judgment if the evidence shows "that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c).[4]  ALACS bears the initial burden of "informing the Court of the basis of its motion," and identifying portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Plaintiff must then "go beyond the pleadings" and identify "specific facts" in the record "showing that there is a genuine issue for trial." Id. at 324. "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' … by 'conclusory allegations,' … by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Plaintiff must "identify specific evidence in the record," and "articulate the precise manner" in which that evidence supports his claims. Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996).

B.   **Plaintiff's Title VII Retaliation Claim Fails Because Plaintiff Did Not Engage In Any Conduct Protected By Title VII.**

As Judge Froeschner observed in the June 11 Order, Plaintiff alleges that "he was singled out for adverse employment actions because he continually questioned the validity and legality of ALACS's use of its supporters' donations." See Doc. # 21 at 1; see also Plaintiff's Depo. at 109:16-21 ("I was being retaliated against because I questioned where programs were, where initiatives were that were -- were evidently nonexistent."). However, as Judge Froeschner explained, Plaintiff's alleged activity simply is not protected by Title VII:

> Title VII was not intended to diminish management prerogatives, such as an employer's discretion to determine functions and responsibilities of a particular

---

[4] A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

4

> position, Meyers v. General Servs. Admin., 609 F. Supp. 352, 258 (E.D. Pa. 1984), it only requires that an employer not discriminate against its employees ***on the specific bases of race, religion, sex or national origin.*** Burlington v. IBM Corp., 360 F. Supp. 845 (D.C. Md. 1973).
>
> ***Frost has not alleged that any non-retaliatory employment actions taken against him were based upon any prohibited motive and he was not, otherwise, entitled to a tranquil work environment.***
>
> A Title VII retaliation claim can only be based upon the exercise of an activity protected under that statute: (1) opposing an employment practice made unlawful under Title VII, or (2) making or assisting the pursuit or investigation of a Title VII charge discrimination. See 42 U.S.C. § 20003-3(a). ***Title VII does not authorize an employee to assert a cause of action against his employer for unlawful activities not within the coverage of its statutory provisions***.

Doc. #21 (emphasis added). Accord Edmund v. Metropolitan Transit Authority, No. H-08-0087, 2009 WL 455268, at *6 (S.D. Tex. Feb. 23, 2009) (granting summary judgment on plaintiff's retaliation claim because plaintiff failed to allege any protected activity under Title VII).

Accordingly, pursuant to the express language of the statute, Plaintiff's Title VII retaliation claim fails as a matte of law. Title VII simply does not protect an employee for allegedly questioning the validity and legality of his employers use of its supporters' donations.

**C.    Plaintiff's Title VII Discrimination Claim Fails Because Plaintiff Failed To Exhaust Administrative Remedies.**

"A court may entertain a Title VII claim only if the aggrieved party has exhausted his or her administrative remedies." Merritt v. United Parcel Service, Inc., No. 08-60448, 2009 WL 1024606, at *2 (5th Cir. April 16, 2009) (slip copy). Plaintiff did not assert a discrimination claim in his EEOC charge. See Plaintiff's Depo. Exhibit 6. Indeed, Plaintiff candidly admitted that fact in his deposition:

> Q:    Okay. Now, going back to the boxes, you didn't bring a claim of discrim – discrimination based on race, color, age sex, disability, religion, national origin, or any other, right?
>
> A:    Correct. The only – the only thing was retaliation.

5

Plaintiff's Depo. at 100:12-17. Accordingly, as Judge Froeschner also noted in the June 11 Order, any alleged discrimination claim is "unexhausted." See Doc. # 21 at 1. As explained below, Judge Froeschner's statement of the law is correct.

A court only has jurisdiction over a claim that is based upon conduct like or reasonably related to the allegations in the charge. Fine v. GAF Chemical Corp., 995 F.2d 576, 578 (5th Cir. 1993); Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 450 (5th Cir.) cert. denied, 464 U.S. 828 (1983). Claims alleging discrimination are not "like or reasonably related" to claims alleging retaliation, and, therefore, a discrimination claim is not within the scope of an EEOC charge that only alleges retaliation. See Randel v. United States Dept. of the Navy, 157 F.3d 392, 395 (5th Cir. 1998) ("Randel's racial discrimination claim is separate and distinct from his reprisal claim, and accordingly, he must exhaust his administrative remedies on that claim before seeking review in federal court."); Robinson v. Rubin, 77 F.Supp.2d 784, 792 (S.D. Tex. 1999) ("Robinson's claims for race and sex discrimination would not have fallen within the scope of a reasonable EEOC investigation into Robinson's retaliation claims."); Kelso v. Paulson, No. 3:08-CV-0961-B, 2009 WL 972997, at *4 (N.D. Tex. Apr. 9, 2009) ("Kelso's racial discrimination claim is not 'like or reasonably related to' the disability discrimination or retaliation claims which he had brought before the EEOC.").

In addition, Plaintiff admitted in his deposition that he is not asserting a discrimination claim in this case:

> Q: And – and you're not testifying today that you have any claims in regards to race, color, age, sex, disability, religion, or national origin?
>
> A: No.
>
> Q: And in regard to your retaliation claim, your retaliation claim is not because you were discriminated or you – you felt like you were

> discriminated against because of your race, color, sex, age, disability, religion, or national origin, correct?
>
> A:   No.  The only discrimination based has to do with retaliation.

Plaintiff's Depo. at 100:18-101:3.

Therefore, the Court should either find that there is no discrimination claim pending or it should grant summary judgment in ALACS's favor on any such discrimination claim because Plaintiff failed to exhaust his administrative remedies.

**D.   Plaintiff's Fraud Claim Fails As a Matter of Law.**

 1.   <u>Any Alleged Promises Concerning The Terms Or Conditions Of Plaintiff's At-Will Employment Were Illusory And Unenforceable As A Matter Of Law</u>.

Plaintiff's fraud claim is based on his allegation that ALACS made false misrepresentations concerning his job description and performance goals.  Plaintiff's Depo. at 146:14-16; 151:4-14.  As explained below, Plaintiff's claim fails because Plaintiff could not have justifiably relied upon any such alleged promises.

A fraud claim requires proof that the plaintiff <u>justifiably relied</u> on the alleged misrepresentation.  See <u>Gilmartin v. KVTV-Channel 13</u>, 985 S.W.2d 553, 558 (Tex. App. – San Antonio 1998, no pet.) ("Reliance on the promise must be *reasonable and justified*."); <u>American Tobacco Co. Inc. v. Grinnell</u>, 951 S.W.2d 420, 436 (Tex. 1997) ("the allegedly defrauded party must have reasonably relied … to his detriment.").  However, Plaintiff was an at-will employee.  Plaintiff's Depo. at 55:13-56:24; Plaintiff's Depo. Exhibit 5.  "In employment at will situations, either party may impose modifications to the employment terms as a condition of continued employment." <u>Hathaway v. General Mills, Inc.</u>, 711 S.W.2d 227, 229 (Tex. 1986).  "[W]hen the employer notifies an employee of changes in employment terms, <u>the employee must accept the

new terms or quit." Id.[5] Accordingly, "[a] promise to provide employment which is subject to termination at any time or for any reason does not provide any assurances about the employer's future conduct, and *does not provide a basis for detrimental reliance as a matter of law*." Collins v. Allied Pharmacy Mgt., Inc., 871 S.W.2d 929, 937 (Tex. App.-Houston [14th Dist.] 1994, no pet.); accord Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644-45 (Tex. 1994) (a promise dependent on a period of continued employment of an at-will employee "*would be illusory* because it fails to bind the promisor who always retains the option of discontinuing employment in lieu of performance.").[6] Consequently, Plaintiff cannot show that he justifiably relied on any allegedly fraudulent representations.

Additionally and/or alternatively, Plaintiff ratified any alleged changes to the terms and conditions of his employment by continuing his employment with ALACS after receiving notice of any such changes. As explained above, "[i]f [an] employee continues working with knowledge of the changes, he has accepted the changes as a matter of law." Hathaway, 711 S.W.2d at 229.

2.   Plaintiff Cannot Establish a Fact Issue on His Fraud Claims.

ALACS is also entitled to summary judgment as a matter of law because Plaintiff cannot produce any evidence establishing a fact issue on the elements of his fraud claims. Under Texas law, the elements of common law fraud are: 1) a false material representation was made; 2) the

---

[5] Indeed, "[i]f the employee continues working with knowledge of the changes, he has accepted the changes as a matter of law." Id.

[6] See also Crow v. Rockett Special Utility Dist., 17 S.W.3d 320, 329-30 (Tex. App.-Waco 2000, pet. denied) (holding that at-will employee may not prevail on a fraud claim by asserting "that his employer's policies constitute fraudulent representations" because "the at-will employment doctrine would be effectively eviscerated.") disapproved on other grounds by Binur v. Jacobo, 135 S.W.3d 646, 651 n. 11 (Tex. 2004). See also Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 379-380 (Tex. App.—Hou. [1st Dist.] 2005, n.p.h.) (holding the at-will status of plaintiff precluded fraud claim based on employer's alleged promise to make plaintiff a partner).

8

speaker knew the representation was false or made it recklessly without any knowledge of its truth; 3) the speaker intended that it be acted on by the party; and 4) the party actually and justifiably relied upon the representation and suffered injury. Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). Further, when a fraud claim involves an alleged promise to do an act in the future, the plaintiff must prove that, at the time of the alleged representation, the speaker had no intention of performing the act. T.O. Stanley Boot Co., Inc. v. Bank of El Paso, 847 S.W.2d 218, 222 (Tex. 1992).

In this case, there is no evidence that ALACS made any false material representations to Plaintiff. Plaintiff alleges he did not receive his performance goals until four (4) months after his employment began and that his job description changed because he was no longer allowed to contact individual donors through the corporations for whom they worked. Plaintiff's Depo. 146:14-147:3, 147:11-148:15. However, Plaintiff's job description and performance goals do not state that Plaintiff was allowed to contact individual donors through corporations. See Plaintiff's Depo. at 147:4-10, 152:1-6; Plaintiff's Depo. Exhibits 10 and 11. Thus, there is no evidence of a false, material representation.

Further, although Plaintiff contends that ALACS intended to defraud him by changing his job description and failing to timely give him his performance goals, there is no evidence of such intent. The Fifth Circuit has consistently affirmed summary judgment where a Texas fraud plaintiff fails to present evidence of the defendant's knowledge or intent to deceive. See e.g., Kansa Reinsurance v. Congressional Mtg. Corp., 20 F.3d 1362, 1375-76 (5th Cir. 1994) (affirming summary judgment on the plaintiff's fraud claims because the plaintiff introduced no evidence of the defendant's knowledge or intent to deceive); Pruitt v. Levi Strauss & Co., 932 F.2d 458, 462 (5th Cir. 1991) (affirming summary judgment on plaintiff's fraud claims when the

9

plaintiff failed to produce specific evidence of the defendant's intent to deceive him) <u>abrogated on other grounds by</u> <u>Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.</u>, 55 F.3d. 181 (5th Cir. 1995).  Accordingly, Plaintiff's fraud claim fails as a matter of law for this additional reason.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant American Lung Association of the Central States asks the Court to grant its Motion for Summary Judgment.  Defendant also prays that it will recover its costs and attorneys fees and for all other and further relief to which it may be entitled.

              Respectfully submitted,

              /s/ Michael D. Mitchell
              Michael D. Mitchell
              SD Fed. ID# 15330
              State Bar No.  #00784615
              **OGLETREE, DEAKINS, NASH,**
               **SMOAK & STEWART, P.C.**
              500 Dallas Street, Suite 3000
              Houston, Texas  77002
              (713) 655-5756
              (713) 655-0020 Fax

              ATTORNEY FOR DEFENDANT
              AMERICAN LUNG ASSOCIATION OF
              THE CENTRAL STATES

**OF COUNSEL:**

**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
Morgan M. Culbreth
SD Fed. ID# 20576
State Bar No. 24059631
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 7702
(713) 655-5768
(713) 655-0020 (Fax)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 16th day of July, 2009, Plaintiff David H. Frost was served with a true and accurate copy of this motion via certified mail return receipt requested.

                /s/ Michael D. Mitchell
                Michael D. Mitchell