UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID H. FROST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-310 |
| | § | |
| AMERICAN LUNG ASSOC. OF CENTRAL STATES, | § | |
| | § | |
| Defendant. | § | |

OPINION AND ORDER

Before the Court, by referral from the Honorable Sim Lake, United States District Judge, is Plaintiff David Frost's "Motion To Have Civil Action No. 4:09-CV-00310 Removed From Judge John R. Froeschner's Court To Judge Sim Lake's Court For Reassignment To A Different Judge Or To Remain With Judge Sim Lake." (Docket Entry ("Doc.") No. 23).[1]

In his Motion Frost seeks the recusal of the undersigned Magistrate Judge. Frost does not indicate the statutory basis on which he relies to seek recusal of the undersigned,[2] however, since Frost does not seek recusal of the district court judge and his Motion for recusal was not

---

[1] The Court pauses to note that the above-reference case is and remains assigned to United States District Court Judge Sim Lake. In accordance with 28 U.S.C. § 636(b), Judge Lake referred the case to this Court "to hear and determine any pretrial matter pending before the court [with specified exceptions]" and to submit findings and recommendations concerning dispositive matters. 28 U.S.C. § 636(b)(1)(A) & (B).

[2] The two statutes dealing with judicial recusal are 28 U.S.C. § 144 and § 455.

1

accompanied by an affidavit as required by 28 U.S.C. § 144, this Court will construe Frost's Motion as one predicated upon 28 U.S.C. § 455(b)(1).

Under 28 U.S.C. § 455 a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or under other specified circumstances which include "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Having considered Frost's Motion, the Court rejects the view that any actions taken by the Court were motivated by personal bias or prejudice for the following reasons. First, this Court possesses none of the prejudices and biases suggested by Frost. *United States v. Gregory*, 656 F.2d 1132, 1137 (5th Cir. Unit B 1981) (a sufficient showing as to "pervasive bias and prejudice" must exist so as to warrant the undersigned's disqualification or recusal under the statute). Second, as set forth in his Motion, Frost's objection to the undersigned is based on unfavorable rulings that he has received on pretrial discovery matters in the instant case (*i.e.*, denying his motion to compel and directing him to attend the deposition that Defendant had noticed for him). Judicial rulings alone almost never provide sufficient basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). The rulings that Frost complained of were reasonable and certainly do not evince deep-seated antagonism toward him on the part of the undersigned. Finally, to the extent that Frost was displeased with the undersigned's pretrial discovery rulings, he could have sought reconsideration of the rulings by the District Court Judge. 28 U.S.C. § 636(b)(1)(A). The docket clearly reflects that Frost submitted no such requests for reconsideration.

Finding no basis for recusal here, the Court concludes that Frost's Motion for recusal under 28 U.S.C. § 455 (Doc. No. 23) should be, and is hereby, **DENIED**.

**IT IS SO ORDERED**.

**DONE** at Galveston, Texas, this ____29th____ day of October, 2009.

_____
John R. Froeschner
United States Magistrate Judge